IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM CARTWRIGHT, #352873, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00670 |
| | ) | |
| AMBER L. PHILLIPS, | ) | JUDGE RICHARDSON |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a pro se civil rights Complaint (Doc. No. 1) filed by Plaintiff William Cartwright, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee. Plaintiff paid the civil filing fee.

The case is due to be screened under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. However, for the reasons that follow, the Court will stay the case at this early stage pending the resolution of related issues in the case of *Ricky Harris v. State of Tennessee, et al.*, No. 3:19-cv-00174 (M.D. Tenn.) (Richardson, J.), in which the plaintiff is represented by counsel.

In the instant case, Plaintiff has filed (pro se) a "Complaint for Prospective Injunctive Relief" asserting that Defendant Amber Phillips, in her official capacity as Correctional Program Director 2 for the Tennessee Department of Correction (TDOC), has violated his constitutional rights by arbitrarily interpreting Tennessee's allegedly vague life sentence statutes and, based on such interpretation, unlawfully calculating the date on which he may be eligible for release from confinement. (Doc. No. 1 at 1.) He alleges that Phillips's allegedly arbitrary interpretation "causes deliberate indifference in the calculation procedures method, as applied to Plaintiff," in violation

of his constitutional rights under the Eighth Amendment, the Fourteenth Amendment, and the Ex Post Facto Clause. (*Id.* at 1–2.) Phillips is alleged to have "broad responsibility for calculating sentences for TDOC prisoners and setting and overseeing those sentence calculations." (*Id.* at 3.) She allegedly is authorized to do so by state law assigning TDOC the responsibility for "calculating the sentence expiration date and the earliest release date of any felony offender sentenced to the department of correction[.]" (*Id.* at 5 (quoting Tenn. Code Ann. § 40-28-129).) Plaintiff asks the Court to declare the relevant sentencing statutes unconstitutionally vague and to enjoin Defendant Phillips to recalculate his sentence in a way that does not violate his constitutional rights. (*Id.* at 25–28.)

In *Harris*, the currently operative pleading is the First Amended Complaint filed by former counsel on January 11, 2021.[1] The First Amended Complaint seeks declaratory and injunctive relief. It was filed on behalf of Plaintiff Harris and a putative class of state inmates "who are serving life sentences or who are otherwise eligible to request a sentence recalculation," raising two issues common to all: (1) "whether Tennessee's statutes regarding life sentences and calculating sentence credits are unconstitutionally vague under the Due Process Clause," and (2) "whether TDOC's process for recalculating a prisoner's sentence is inadequate in violation of the Eighth Amendment and the Due Process Clause." (Case No. 3:19-cv-00174, Doc. No. 72 at 6 ¶ 31, 7 ¶ 35.)

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the

---

[1] Current counsel was appointed on December 4, 2023, after former counsel withdrew from the representation. Thus far, counsel has not sought to further amend the complaint, though the Court anticipates that she will ultimately seek leave to do so.

District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). In light of (1) the convergence of issues and requests for relief between this pro se case and the counseled *Harris* case; (2) the potential for inequity in requiring the incarcerated Plaintiff to proceed on his own, when he may be able to claim membership in a putative class of plaintiffs represented by counsel; and (3) the likelihood that a stay in this case will serve the interest of judicial economy without causing undue prejudice to Plaintiff from any attendant delay, the Court finds a stay appropriate here. *Cf. Arkona, LLC v. Cnty. of Cheboygan*, No. 1:19-CV-12372, 2021 WL 2381892, at *2–4 (E.D. Mich. June 10, 2021).

Accordingly, proceedings in this case are hereby **STAYED** pending further order of the Court after resolution of related matters in *Harris*, No. 3:19-cv-00174.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE